RUSSELL S. HUMPHREY, SBN 208744
343 E. Main Street, Suite 714
Stockton, Ca. 95202
Telephone: (209) 625-8976
Facsimile:  (209) 625-8673
Email: rshumphreylaw@yahoo.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:19-cr-053-WBS |
|---|---|
| PLAINTIFF, | **DEFENDANT'S STATEMENT REGARDING REQUEST TO WITHDRAW PLEA** |
| v. | |
| DENNIS MORITA, | |
| DEFENDANT. | |

    Pursuant to the order signed by the Honorable Senior Judge William B. Shubb on August 25, 2023 (Dkt. 43), Defendant Dennis Morita ("Defendant") submits his statement regarding his request to withdraw his prior plea.

    Defendant's requests additional time to file a motion to withdraw his plea and not proceed to sentencing as currently scheduled.  Defendant's request was made after significant consultation with counsel, his family and his conscience as to whether such action should be taken.  In particular, the

two issues raised by the court in its order dated August 25, 2023 (Dkt. 43) proved to be the most compelling issues for Defendant's consideration.

First, as the court may recall, at the time of the alleged law violations, Defendant suffered from severe alcoholism that clouded his judgment, decision making and intentions. Defendant repeatedly stated, both to counsel and in his letter to the court in 2021, that Defendant did not intend to defraud anyone. In hindsight, he now knows the impact of his participation and the pain it caused. But Defendant always maintained that it was never his intention to commit fraud. There were many allegations made that Defendant did not in fact recall due not only to his advanced age (76 years old in 2018) but, more importantly, to his alcoholism.[1] Defendant quit drinking alcohol shortly before being contacted by the FBI in relation to this matter.

Defendant's sobriety date is July 23, 2018.

Second, Defendant paid restitution in full to the victims of his crimes.[2] The victims of the greater crimes have been paid back, virtually in full, by either the Defendant or the putative co-defendant, Paul Gross. Tax preparation and Social Security are Defendant's only sources of income. Defendant is in his eighty's (80s) now so his ability to make money to pay the victims back and pay his living expenses is limited.

Based on the forgoing, Defendant respectfully requests time to file a motion to withdraw his prior plea. Given Defendant's mental state at the time of the alleged fraud and the reality that he will simply not be able to survive financially without his tax preparation income, Defendant feels as though he must seek said motion.

---

[1] It should also be noted that at the time of Defendant's plea, Defendant cooperated with the government in the prosecution of the main target of the investigation and the individual that actually benefited from the fraud, Paul Gross. It was Mr. Gross that received the proceeds of the loans solicited by Defendant, not Defendant. Defendant's take in this whole case was under $65,000.00, an amount Defendant paid back years ago.

[2] The government did not allege or argue that Defendant benefited from the loans made to Mr. Gross (totaling millions of dollars) except for an amount at or around $60,000.00. Defendant repaid all of the $60,000.00 plus interest to the victims.

Defendant's Statement
U.S. v. Morita, 2:19-cr-53-WBS

```
```

Date:   August 28, 2023.

/s/ *Russell S. Humphrey*

_____

RUSSELL S. HUMPHREY, Attorney for Defendant